[No. 14486.    In Bank. — March 28, 1892.]

SAN GABRIEL WINE COMPANY, APPELLANT, *v.* WILLIAM BEHLOW ET AL., RESPONDENTS.

PRACTICE — NEW TRIAL — CONFLICT OF EVIDENCE. — Where the evidence is conflicting, the supreme court will not order a new trial on the ground that the evidence is insufficient to justify the verdict or the findings.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial.

The facts are stated in the opinion of the court.

*Chapman & Hendrick*, for Appellant.

*Gottschalk & Luckel*, for Respondents.

SHARPSTEIN, J. — This appeal is from an order denying appellant's motion for a new trial in an action brought to recover the sum of five hundred dollars, alleged to be due for the balance of the purchase price of a tract of land sold by plaintiff to defendants for the sum of four thousand five hundred dollars, upon which the sum of four thousand dollars was paid, and for a decree foreclosing a vendor's lien. The plaintiff alleged that the defendants agreed to pay four thousand five hundred dollars for the land, of which four thousand dollars was paid, and a conveyance of the premises was executed by plaintiff to the defendants upon a promise of defendants to pay five hundred dollars more. Defendants deny that they ever agreed to pay more than four thousand dollars for said land. This, with some other issues, was submitted to a jury, which found against the plaintiff and in favor of defendants thereon. The grounds of plaintiff's motion for a new trial are, that the

evidence is insufficient to justify the verdict of the jury or findings of the court, and that the decision is against law, and errors occurring at the trial and excepted to by plaintiff. · But the ground mainly relied on is insufficiency of the evidence to justify the verdict or finding that the amount for which plaintiff sold the property was four thousand dollars. Of course, plaintiff could not have sold the property to defendants for more than defendants paid or agreed to pay for it. There is evidence on the part of plaintiff tending to prove that defendants agreed to pay four thousand five hundred dollars for the property; and evidence on the part of defendants that they agreed to pay four thousand dollars only for the property; this presents a conflict in the evidence, which, under a well-settled rule in this state, precludes a review of it by this court. A review of it would involve a determination of the relative credibility of the witnesses, and the weight which should be given· to the testimony of each respectively. Those were matters exclusively for the jury and the trial court to consider and pass upon. We fail to find in the record any errors of law occurring at the trial which were excepted to by the plaintiff. The finding of the jury is not, in our opinion, contrary to any of the instructions of the court. Besides, the court adopted the finding of the jury as the finding of the court.

Order affirmed.

Harrison, J., McFarland, J., De Haven, J., Garoutte, J., and Paterson, J., concurred.